AO 442

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

Pablo Figueroa-Abrego

WARRANT FOR ARREST

Case Number: 19-cr-00053-BTM-1

81577-298

**NOT FOR PUBLIC VIEW**

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ___Pablo Figueroa-Abrego___
                                              Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☒ Probation Violation Petition
                                                                                 ☐ Pretrial Violation

charging him or her with (brief description of offense):
See Above

RECEIVED U.S. MARSHALS-S/CA 2020 FEB -6 PM 3:43

In violation of Title ___See Above___ United States Code, Section(s) _____

John Morrill                              Clerk of the Court
Name of Issuing Officer                   Title of Issuing Officer

s/ S. Tweedle                             2/6/2020
Signature of Deputy                       Date and Location

Bail fixed at $ ___No Bail___             by   The Honorable Barry Ted Moskowitz
                                                Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |



PROB 12C(D)
(05/17)

January 31, 2020
pacts id: 5737683

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Pablo Figueroa-Abrego (Spanish)    **Dkt No.:** 19CR00053-001-BTM

**Reg. No.:** 81577-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, Senior U.S. District Judge

**Original Offense:** 18 U.S.C. § 1546, Fraud and Misuse of Visas, Permits, and Other Entry Documents, a Class C felony.

**Date of Sentence:** February 27, 2019

**Sentence:** Time served; one year supervised release. *(Special Conditions: If deported, excluded, or allowed to voluntarily leave the United States, obey all laws federal, state, and local and not reenter or attempt to reenter the United States illegally and report to the probation officer within 72 hours of any reentry to the United States; the other conditions of supervision are suspended while the defendant is out of the United States after deportation, exclusion, or voluntary departure. Not reenter the United States illegally, and do not possess any narcotic drug or controlled substance without a lawful medical prescription, under federal law.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** February 27, 2019

**Asst. U.S. Atty.:** Carol M. Lee    **Defense Counsel:** Benjamin J. Cheeks
(Appointed)
(619) 995-7828

**Prior Violation History:** None.

---

### PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB 12C(D)
Defendant: Pablo Figueroa-Abrego
Docket No.: 19CR00053-001-BTM

January 31, 2020
Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nvl)* | 1. On or about November 5, 2019, Mr. Figueroa-Abrego, a previously deported or removed alien, illegally reentered the United States, the conduct of which is in violation of 8 U.S.C. § 1325, as evidenced by the U.S. Department of Homeland Security, Record of Deportable Alien, Case No.: CA02011000019.<br><br>2. On or about November 5, 2019, Mr. Figueroa-Abrego, illegally reentered or attempted to reenter the United States, the conduct of which is in violation of 8 U.S.C. § 1325, as evidenced by U.S. the Department of Homeland Security, Record of Deportable Alien, Case No.: CA02011000019. |

**Grounds for Revocation:** As to allegations 1 and 2, I received and reviewed the U.S. Department of Homeland Security, Record of Deportable Alien, Case No.: CA02011000019 report, which confirm the following: on the above date, a Border Patrol agent performed a vehicle stop driven by an individual which freely admitted that he was in the area to pick up illegally aliens; however, got scared and decided to return to his home in Orange County, California. This individual willingly provided the agent with GPS coordinates that corresponded to an address on Tierra Del Sol road located in Boulevard, California.

The agent traveled to 666 Tierra Del Sol road and encountered four individuals, one who was later identified as offender Mr. Figueroa-Abrego. The agent asked the four individuals if they were citizens of Mexico, to which they all responded in Spanish, "Si." The agent asked if they were illegally present in the United States, to which each individual responded in Spanish, "Si."

The agent advised Mr. Figueroa-Abrego of his consulate communication rights. He elected to exercise his rights at that time and was able to speak to a consulate representative. Mr. Figueroa-Abrego admitted to being a citizen and national of Mexico without proper immigration documents allowing him to enter or remain in the United States legally. The offender further stated that he was not inspected by an Immigration Officer at a designated Port of Entry when he entered the United States illegally afoot on November 5, 2019. He stated that he had a fear of returning to Mexico, and that he has no immigration petitions pending on his behalf. Mr. Figueroa-Abrego was being held in the custody of the Department of Homeland Security pending the reinstatement of a prior order of removal. It appears he has since been released from custody, and no criminal charges were filed.

It is noted, Mr. Figueroa-Abrego was previously deported on March 3, 2019, after his release from BOP custody on the instant offense. As noted in the U.S. Department of Homeland Security, Record of Deportable Alien, Case No.: CA02011000019 report he stated that he illegally reentered the United States on or about November 5, 2019.

PROB 12C(D)

Defendant: Pablo Figueroa-Abrego  
Docket No.: 19CR00053-001-BTM

January 31, 2020  
Page 3

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 9 months' custody with no supervised release to follow, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 31, 2020

Respectfully submitted:  
DAVID J. SULTZBAUGH  
CHIEF PROBATION OFFICER

by *[signature]*

Regan Gomes-Figueira  
U.S. Probation Officer  
(619) 557-6459

Reviewed and approved:

*[signature]*

Christopher J. Marco  
Supervisory U.S. Probation Officer

PROB 12CW(D)

January 31, 2020

## EXPANDED VIOLATION WORKSHEET

1. **Defendant:** Figueroa-Abrego, Pablo

2. **Docket No.** (Year-Sequence-Defendant No.): 19CR00053-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (See USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Illegal Entry/Attempted Reentry | C |
| Reentered the U.S. Illegally | C |

4. **Most Serious Grade of Violation** (See USSG § 7B1.1(b))  [ C ]

5. **Criminal History Category** (See USSG § 7B1.4(a))  [ I ]

6. **Statutory Maximum Term** (*Custody*) (See 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:  [ 24 months ]

7. **Range of Imprisonment** (*Custody*) (See USSG § 7B1.4(a))
   A Grade C violation with a Criminal History Category I establishes an imprisonment range of: [ 3-9 months ]

8. **Statutory Maximum Term** (*Supervised Release*) (See 18 U.S.C. § 3583(b))

   If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation. In this case, the court has the authority to reimpose a term of:  [ 36 months ]

PROB 12C(D)

Defendant: Pablo Figueroa-Abrego
Docket No.: 19CR00053-001-BTM

January 31, 2020
Page 5

9. **Recommendation:**  [9 months' custody, consecutive to any other sentence being served. See USSG § 7B1.3(f)- w/ no supervised release to follow  ]

## THE COURT ORDERS:

✓ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. 2

___ TAKE NO ACTION IN REGARD TO THE ALLEGED VIOLATIONS.

✓ Other _The violations 1 & 2 are the same violations of 8 USC 1325. The Court proceeds on No. 2._

_Barry Ted Moskowitz_
The Honorable Barry Ted Moskowitz
Senior U.S. District Judge

2/3/2020
Date
Ao for FYF